UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) Case No. 13-cv-____ <br> v. ) Judge: <br> ) <br> THE STATE OF ILLINOIS; ) <br> THE ILLINOIS STATE BOARD OF ) <br> ELECTIONS; and RUPERT T. ) <br> BORGSMILLER, ) <br> Executive Director of the Illinois State ) <br> Board of Elections, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | |

## COMPLAINT

The United States of America alleges:

1. This action is brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). UOCAVA requires that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and brings this enforcement action to ensure that Illinois's absent uniformed services voters and overseas voters ("UOCAVA voters") have sufficient opportunity to receive absentee

ballots they have requested in accordance with federal law and submit marked absentee ballots in time to be counted for the February 26, 2013 Federal special primary election and April 9, 2013 Federal special election recently scheduled to fill a vacated seat in the State's 2nd Congressional District. Certain provisions of Illinois law prevent the Defendants from transmitting absentee ballots to UOCAVA voters by the 45th day before these elections for Federal office, as required by Section 102(a)(8)(A) of UOCAVA. Accordingly, UOCAVA voters will not be provided the time specified under Federal law to receive, mark, and submit their ballots and have those ballots counted in those Federal elections.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

4. UOCAVA requires Defendant State of Illinois to comply with UOCAVA and to ensure that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with its terms. 42 U.S.C. §1973ff-1.

5. Defendant Illinois State Board of Elections ("Board") is the state body with general supervisory powers over the administration of election laws in Illinois and is comprised of eight members appointed by the Governor. 10 Ill. Comp. Stat. 5/1A-1. Election authorities are the elected officers of the county clerk or Board of Election Commissioners, which are appointed by the Circuit Court in the respective jurisdictions and are responsible for the conduct of the elections, including the administration of absentee voting in their respective jurisdictions. 10 Ill. Comp. Stat. 5/1-1 et seq.

6. Defendant Rupert T. Borgsmiller is the Executive Director of the Illinois State Board of Elections and is sued in his official capacity.

7. Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election. 42 U.S.C. § 1973ff-1(a)(8)(A).

8. Pursuant to the Illinois election code, when a vacancy occurs in the office of a representative in Congress from the State (more than 180 days before the next general election), the Governor shall issue a writ within five days following the vacancy setting a date within 115 days to hold a special election to fill the vacancy. 10 Ill. Comp. Stat. 5/25-7(a). On November 21, 2012, Representative Jesse Jackson, Jr. resigned from Congress. The Governor initially set February 26, 2013 as the date for the special primary election and March 19, 2013 as the date for the special election.

9. Public Act 097-1134 of the Illinois General Assembly, signed by the Governor on December 2, 2012, amended the State's special election statute to require the special primary election to be held on February 26, 2013 and to require the date of the special election to be changed from March 19, 2013 to April 9, 2013. Pursuant to the amended statute, the Defendants issued a Special Election Calendar establishing deadlines related to the special primary election and special election.

10. The deadline for transmission of absentee ballots to UOCAVA voters who request them at least 45 days before the February 26, 2013 special primary election for Federal office is January 12, 2013.

11. For the February 26, 2013 special primary election, the Election Calendar permits objections to candidate nominating papers to be filed until January 14, 2013. Although not stated in the Election Calendar, information from State officials indicates that it could take at least two weeks to adjudicate all such objections.

12. The amended State statute requires that, by January 12, 2013, blank state write-in absentee ballots (SWABs) be sent to UOCAVA voters (without an accompanying list of qualified candidates) because a printed ballot will not be available by that date. 10 Ill. Comp. Stat. 5/25-7(b).

13. Defendants' inability to transmit absentee ballots containing or including a final certified list of candidates for the February 26, 2013 special primary election to UOCAVA voters who have validly requested them by January 12, 2013, the 45th day before the special primary election, constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A).

14. The deadline for transmission of absentee ballots to UOCAVA voters for the April 9, 2013 special election for Federal office is February 23, 2013. The special primary election will not take place until after this deadline, and the Election Calendar does not require the primary results to be certified until March 12, 2013, and does not require ballots to be sent to UOCAVA voters until March 14, 2013.

15. Defendants' inability to transmit absentee ballots containing or including a final certified list of candidates for the April 9, 2013 special election to UOCAVA voters by February 23, 2013, the 45th day before the special election, constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A).

16. An order of this Court is necessary to require Defendants to take corrective action in order to protect the rights granted by UOCAVA and to ensure that Illinois's UOCAVA voters have sufficient opportunity to receive, mark, and submit their ballots in time to have them counted for the February 26, 2013 special primary election and April 9, 2013 special election for Federal office.

WHEREFORE, Plaintiff asks this Court to hear this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that the failure of Defendants to ensure that absentee ballots containing or including a final certified list of candidates are transmitted to UOCAVA voters at least 45 days in advance of the February 26, 2013 special primary election for Federal office violates Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A);

(2) Issue a declaratory judgment under 28 U.S.C. § 2201 that the failure of Defendants to ensure that absentee ballots containing or including a final certified list of candidates are transmitted to UOCAVA voters at least 45 days in advance of the April 9, 2013 special election for Federal office violates Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A); and

(3) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

(a) To take such steps as are necessary to ensure that UOCAVA voters have sufficient opportunity to receive, mark, and submit their ballots in time to have them counted in the February 26, 2013 special primary election and April 9, 2013 special election for Federal office;

(b) To take such steps as are necessary to afford UOCAVA voters who are eligible to participate in Illinois's February 26, 2013 special primary election and April 9, 2013 special election for Federal office a reasonable opportunity to learn of this Court's order;

    (c)    To provide reports concerning the transmission, receipt, and counting of ballots for the February 26, 2013 special primary election and April 9, 2013 special election for Federal office pursuant to this Court's order; and

    (d)    To take such other steps as are necessary to ensure that Illinois conducts its elections in compliance with UOCAVA in future Federal elections, including special elections.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Date: January 10, 2013

Respectfully submitted,

| | |
|---|---|
| GARY S. SHAPIRO<br>United States Attorney<br>Northern District of Illinois<br><br>By: _____<br>PATRICK W. JOHNSON<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>(312) 353-5327<br>patrick.johnson2@usdoj.gov | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>_/s/_____<br>T. CHRISTIAN HERREN, JR.<br>TIMOTHY F. MELLETT<br>SPENCER R. FISHER<br>CATHERINE MEZA<br>DAVID G. COOPER<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 355-0132<br>Facsimile: (202) 307-3961 |