IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-00189 |
| v. | ) | Judge: Norgle |
| | ) | |
| THE STATE OF ILLINOIS; | ) | |
| THE ILLINOIS STATE BOARD OF | ) | |
| ELECTIONS; and RUPERT | ) | |
| BORGSMILLER, Executive Director | ) | |
| of the Illinois State Board of Elections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT DECREE

Plaintiff United States of America initiated this action against the State of Illinois, the Illinois State Board of Elections, and Rupert Borgsmiller, the Executive Director of the Illinois State Board of Elections, in his official capacity (collectively, "Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7.  The United States' complaint alleges a violation of UOCAVA arising from certain provisions of Illinois law that prevent the Defendants from transmitting absentee ballots to absent uniformed services voters and overseas voters ("UOCAVA voters") by the 45th day before the recently scheduled special primary election and special election for Federal office, as required by Section 102(a)(8)(A) of UOCAVA.  In particular, the State will not be able to transmit ballots to UOCAVA voters 45 days prior to the scheduled February 26, 2013 special primary election and April 9, 2013 special election to fill a vacated seat in the State's 2nd Congressional District.  Accordingly, UOCAVA voters will not be provided the time specified under Federal law to receive, mark, and submit their ballots and have those ballots counted in

those Federal elections.

The United States and Defendants, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties share the goal of providing UOCAVA voters with sufficient opportunity under Federal law to participate in the February 26, 2013 special primary election and April 9, 2013 special election and future special elections for Federal office. The parties have negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA violations alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1. This action is brought by the Attorney General on behalf of the United States pursuant to UOCAVA, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). UOCAVA provides that UOCAVA voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and this Court has jurisdiction of this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3. UOCAVA requires the State of Illinois to comply with UOCAVA and to ensure that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with the statute's requirements. 42 U.S.C. §§ 1973ff-1 & 1973ff-6. Defendant Illinois State Board of Elections ("Board") is the state body with general supervisory powers over the administration of election laws in Illinois and is comprised of eight members appointed by the Governor. 10 Ill.

Comp. Stat. 5/1A-1. Rupert Borgsmiller is the Executive Director of the Illinois State Board of Elections and is sued in his official capacity.

    4. Election authorities are the elected officers of the county clerk or Board of Election Commissioners, which are appointed by the Circuit Court in the respective jurisdictions and are responsible for the conduct of the elections, including the administration of absentee voting in their respective jurisdictions. 10 Ill. Comp. Stat. 5/1-1 et seq. Election authorities transmit ballots to UOCAVA voters, receive ballots returned by UOCAVA voters, and count the ballots as part of the election process. The State of Illinois, however, retains responsibility for ensuring compliance with UOCAVA. For purposes of this decree, the parties understand that although the local election authorities will continue to send, receive and count UOCAVA ballots as provided for in state law, as well as provide individual notice to voters as referenced in paragraph 1 of the Order, the State bears the responsibility for ensuring that the requirements of UOCAVA and this consent decree are met.

    5. Pursuant to amendments made by the MOVE Act, Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A).

    6. Pursuant to the Illinois election code, when a vacancy occurs in the office of a representative of Congress from the State (more than 180 days before the next general election), the Governor shall issue a writ within five days following the vacancy setting a date within 115 days to hold a special election to fill the vacancy. 10 Ill. Comp. Stat. 5/25-7(a). On November 21, 2012, Representative Jesse Jackson, Jr. resigned from Congress. The Governor initially set

February 26, 2013 as the date for the special primary election and March 19, 2013, as the date for the special election.

    7.  Public Act 097-1134 of the Illinois General Assembly, signed by the Governor on December 2, 2012, amended the State's special election statute to require the special primary election to be held on February 26, 2013, and to require the date of the special election to be changed from March 19 to April 9, 2013. Pursuant to the amended statute, the Defendants issued a Special Election Calendar establishing deadlines related to the special primary election and special election ("Election Calendar").

    8.  The deadline for transmission of absentee ballots to UOCAVA voters who request them at least 45 days before the February 26, 2013 special primary election for Federal office is January 12, 2013.

    9.  The State's current Election Calendar requires that ballots for the February 26, 2013 special primary election be transmitted by January 12, 2013. Candidates were required to file for the open congressional seat by 5 pm on January 7, 2013. The State expects challenges to candidate petitions to be filed, and January 14, 2013, is the deadline to file such challenges. The State has represented that it will certify a ballot to go out to UOCAVA voters on January 15, 2013. Absent an order from this court, the ballot the election authorities would send to UOCAVA voters on that date, in accordance with the amended State statute, would be a blank state write-in absentee ballots (SWABs) (without an accompanying list of qualified candidates) instead of an official printed ballot. 10 Ill. Comp. Stat. 5/25-7(b). Blank SWABs will not satisfy UOCAVA's 45-day transit requirement, Section 102(a)(8)(A) of UOCAVA; 42 U.S.C. § 1973ff-1(a)(8)(A).

4

10. Under Illinois law, ballots from UOCAVA voters postmarked by midnight on the day before the election will be counted if they are received by the 14th day following Election Day. *See* 10 Ill. Comp. Stat. 5/20-2; 10 Ill. Comp. Stat. 5/20-2.1. Accordingly, for the February 26, 2013 special primary election, ballots from UOCAVA voters must be postmarked by February 25, 2013 and received by March 12, 2013 in order to be counted.

11. Under Illinois law, UOCAVA voters must return marked ballots (i) by mail, (ii) by delivery in person (or by a spouse, parent, child, brother, or sister), or (iii) via delivery by a licensed commercial carrier. 10 Ill. Comp. Stat. 5/20-5, 5/20-6. Illinois law does not expressly allow UOCAVA voters to return ballots by electronic means (by email or facsimile).

12. The deadline for transmission of absentee ballots to UOCAVA voters who request them at least 45 days before the April 9, 2013 special election is February 23, 2013. The State's Election Calendar requires ballots to be sent by March 14, 2013, which is 26 days before the special election. Even if the State's 14-day ballot return deadline is counted, a transmittal deadline of March 14 will not allow UOCAVA voters 45 days to receive, mark, and return their ballots for the April 9 special election.

13. The failure to transmit absentee ballots to UOCAVA voters who requested them by the 45th day before a Federal primary or general election, constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A).

14. To avoid the burdens, delays, and uncertainties of litigation and to efficiently and expeditiously promote the parties' shared goal of ensuring that Illinois's UOCAVA voters will have sufficient opportunity under Federal law to participate in the February 26, 2013 special primary election and April 9, 2013 special election for Federal office, the parties agree that this Court should enter an order setting forth amendments to the Special Election Calendar,

5

including: (1) changing the ballot transmission deadline for the special primary election from January 12 to January 15, 2013; (2) establishing January 31, 2013, as the last day to transmit expedited, individual notice of the final list of official candidates who qualify to appear on the ballot as determined by the State Board of Elections for the special primary election; (3) changing the ballot receipt deadline for the special primary from March 12, 2013 to March 6, 2013; and (4) establishing March 8, 2013, as the last day to transmit the official ballot for the special election.  Under this calendar, for the February 26 special primary election ballots would be transmitted to UOCAVA voters no less than 42 days before the date of the election and 49 days before the ballot receipt deadline, and for the April 9 special election, ballots would be transmitted to UOCAVA voters no less than 32 days before the date of the election and 46 days before the ballot receipt deadline.

    15. The parties further agree that this Court should enter an order requiring that:

    (a) by January 15, 2013, the State ensure transmittal of an official absentee ballot to each UOCAVA voter who has applied for an absentee ballot on or before January 15, 2013, accompanied by a notice identifying the candidate challenges that have been filed by the January 14, 2013 challenge deadline, stating that such challenges will be adjudicated by the State Board of Elections by no later than January 30, 2013, and advising voters of possible judicial review of any such challenges;

    (b) by January 31, 2013, the State ensure expedited transmittal to each UOCAVA voter of a notice of the final list of candidates who will appear on the ballot for the February 26, 2013 special primary election according to the determination of the State Board of Elections;

6

(c) by March 8, 2013, the State ensure transmittal of ballots to each UOCAVA voter who has applied for an absentee ballot;

(d) the State ensure expedited transmittal of all UOCAVA ballots for both the February 26, 2013 special primary election and April 9, 2013 special election according to the preference of the voter (by mail, email, or facsimile). For those voters who requested that their ballot be sent by mail, the State shall send the ballot by express mail delivery; and

(e) the State permit all UOCAVA voters the option of returning their marked ballots by express mail at no expense to the voter, or by electronic means, including electronic mail, facsimile, and the on-line marking and return system available to UOCAVA voters in the City of Chicago and Cook County.

The parties reserve the right to modify this agreement as necessary, subject to approval from the Court. For example, the deadline to file challenges to candidate petitions (January 14) has not yet passed. The parties will confer after that deadline and, if it appears that due to the number or complexity of the challenges the process for resolving petition challenges will not be completed by January 30, 2012, the parties may seek appropriate modification of this decree or other relief from the Court. The parties also reserve the right to seek additional supplemental relief if information regarding additional UOCAVA violations is discovered.

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that:

(1) Defendants shall, upon entry of this decree, ensure that all UOCAVA voters who, on or before January 15, 2013, request absentee ballots for

7

the February 26, 2013 special primary election for Federal office are transmitted ballots by January 15, 2013 by the requested method. The ballots shall be official ballots identifying the candidates certified on January 15, 2013, and the information provided with the ballots shall include: (a) a notice identifying any candidate challenges that have been filed by January 14, 2013, stating that such challenges will be adjudicated by the State Board of Elections by no later than January 30, 2013, advising that the Board will provide notice to voters of the outcome of those challenges by January 31, 2013, and advising voters of possible judicial review of any such challenges; and (b) appropriate instructions explaining the ballot return deadlines, and the options and procedures for returning a ballot in order for it to be counted. By no later than January 31, 2013, Defendants shall transmit by expedited means to all UOCAVA voters an individual notice of the final list of names of certified candidates who qualify to appear on the ballot for the February 26, 2013 special primary election according to the determination of the State Board of Elections.

(2) To ensure that Illinois's UOCAVA voters will have sufficient opportunity under Federal law to receive absentee ballots they have requested and to submit marked absentee ballots in time to be counted for the February 26, 2013 special primary election, Illinois shall count as validly cast ballots in the February 26, 2013 special primary election all ballots, including Federal Write-In Absentee Ballots, that

are postmarked on or before February 25, 2013, are received by March 6, 2013 and are otherwise valid; or if received electronically (by email, facsimile, or an online ballot marking and return system) by 7:00 p.m. CST on Election Day.

(3) Defendants shall, upon entry of this decree, ensure that all UOCAVA voters who, on or before March 8, 2013, request absentee ballots for the April 9, 2013 special election for Federal office are transmitted their ballots by the requested method. The ballots shall be official ballots, and the information provided with the ballots shall include appropriate instructions explaining the ballot return deadlines and the options and procedures for returning a ballot in order for it to be counted.

(4) To ensure that Illinois's UOCAVA voters will have sufficient opportunity under Federal law to receive absentee ballots they have requested and to submit marked absentee ballots in time to be counted for the April 9, 2013 special election, Illinois shall count as validly cast ballots in the April 9, 2013 special election all ballots, including Federal Write-In Absentee Ballots, that are postmarked on or before April 8, 2013, are received by April 23, 2013, and are otherwise valid; or if received electronically (by email, facsimile, or an online ballot marking and return system) by 7:00 p.m. CST on Election Day.

(5) The State shall ensure expedited transmittal of all UOCAVA ballots for both the February 26, 2013 special primary election and April 9,

2013 special election according to the preference of the voter (by mail, email, facsimile, or an online ballot marking and return system). For those voters who requested that their ballot be sent by mail, the State shall send the ballot by express mail delivery.

(6) The State shall provide an option for express mail delivery service and electronic return (the voter may choose either one) for the marked ballots for all UOCAVA voters at no expense to those voters for both the special primary and the special election.

(7) For purposes of this Decree, the term "postmark" shall include the date contained on the express mail delivery packaging for ballots returned by express mail delivery (or absent a postmark, the date inserted on the certification, as provided in 10 Ill. Comp. Stat. 5/20-8(c)).

(8) Upon entry of this Consent Decree, the Defendants shall issue a press statement for immediate release, posted immediately on the Illinois's State Board of Elections website and distributed to the Federal Voting Assistance Program (FVAP); International Herald Tribune (http://www.iht.com); USA Today International (http://www.usatoday.com); Military Times Media Group (cvinch@militarytimes.com); Overseas Vote Foundation (http://www.overseasvotefoundation.org/intro/); Stars and Stripes (http://www.estripes.com); and any other Illinois newspaper or news media Defendants choose to reach UOCAVA voters in the 2nd Congressional district. The news release shall, at a minimum: (a)

summarize this order, including a notice of the specific deadlines for receipt of the ballot for the special primary and special elections; (b) identify the contests for Federal office that will be on the ballot for the February 26, 2013 special primary election and April 9, 2013 special election; and (c) provide appropriate contact information for the State Board of Elections for assistance.

(9) The Defendants shall provide a report to the United States Department of Justice no later than January 16, 2013, concerning the transmittal of UOCAVA ballots for the February 26, 2013 special primary election by local election jurisdictions. The report shall:

   a.   Certify that absentee ballots were transmitted no later than January 15, 2013, to all qualified UOCAVA voters whose applications for ballots were received and approved by that date; and

   b.   Indicate, by local election jurisdiction, the number of requests received and the number of UOCAVA absentee ballots transmitted by January 15, 2013, and the method of transmittal thereof.

(10) The Defendants shall provide a report to the United States Department of Justice no later than February 1, 2013, confirming that each UOCAVA voter has been provided individual notice electronically or through other means of the final list of names of certified candidates who qualify to appear on the ballot for the

February 26, 2013 special primary.

(11) The Defendants shall file a report with the United States Department of Justice no later than March 11, 2013, concerning the transmittal of UOCAVA ballots for the April 9, 2013, special election for Federal office. The report shall:

    a. Certify that absentee ballots were transmitted no later than March 8, 2013, to all qualified UOCAVA voters whose applications for ballots were received and approved by that date; and

    b. Indicate, by local election jurisdiction, the number of requests received and the number of UOCAVA absentee ballots transmitted by March 8, 2013, and the method of transmittal thereof.

(12) The Defendants shall take such actions as are necessary to assure that UOCAVA voters shall have a fair and reasonable opportunity to participate in future Federal elections, including proposing legislation and taking any administrative actions needed to fully remedy the potential UOCAVA violations arising from Illinois law governing the State's special election calendar. Specifically, the State Board of Elections will recommend an amendment to Section 25-7 of the Election Code, providing additional time to schedule special primary elections and special elections to fill vacancies in the office of U.S. Representative in Congress taking into account

the 45 day advance ballot transmittal requirements of UOCAVA.

The parties agree to confer on the progress of these efforts, and Defendants shall provide a status report to the United States Department of Justice by June 3, 2013.

The Court shall retain jurisdiction over this action through October 31, 2013, within which the parties may file motions to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree and to enter such relief as may be necessary to abate any UOCAVA violation with respect to future Federal elections.

The undersigned agree to entry of this Consent Decree.

For the Plaintiff:

GARY S. SHAPIRO
United States Attorney
Northern District of Illinois

By: _____
PATRICK W. JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
SPENCER R. FISHER
CATHERINE MEZA
DAVID G. COOPER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:   (202) 355-0132
Facsimile:   (202) 307-3961

Date: January 10, 2013

14

For the Defendants:

State Board of Elections

By: *[signature]*
Title: Executive Director
Date: 1/10/13

LISA MADIGAN
Attorney General of Illinois

/s/ *[signature]*
THOMAS A. IOPPOLO
Assistant Attorneys General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-7198
Facsimile: (312) 814-4425


SO ORDERED this ____ day of _____, 2013.


_____
United States District Judge

15