IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF ILLINOIS; )<br>THE ILLINOIS STATE BOARD OF )<br>ELECTIONS; and RUPERT )<br>BORGSMILLER, Executive Director )<br>of the Illinois State Board of Elections, )<br>)<br>Defendants. )<br>_____ ) | Case No. 13-cv-00189<br>Judge: Norgle |

## **SUPPLEMENTAL CONSENT DECREE**

Plaintiff United States of America initiated this action on January 10, 2013, against the State of Illinois, the Illinois State Board of Elections, and Rupert Borgsmiller, the Executive Director of the Illinois State Board of Elections, in his official capacity (collectively, "Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7. The next day, this Court entered a Consent Decree (ECF No. 9), finding violations of UOCAVA and ordering the State to take certain actions as an appropriate remedy of those violations of federal law. The Consent Decree put in place deadlines by which ballots were required to be sent to absent uniformed services voters and overseas voters ("UOCAVA voters") through expedited transmittal and return. It also provided an opportunity for the UOCAVA voters to receive, mark and cast ballots for a special primary and special election which had been scheduled to fill a vacated seat in the State's 2nd Congressional District. The Consent Decree also required the Defendants to "take such actions as are necessary to assure that UOCAVA voters shall have a fair and reasonable opportunity to

participate in future Federal elections, including proposing legislation and taking any administrative actions needed to fully remedy the potential UOCAVA violations arising from Illinois law governing the State's special election calendar." The Decree specifically required the State Board of Elections to "recommend an amendment to Section 25-7 of the Election Code, providing additional time to schedule special primary elections and special elections to fill vacancies in the office of U.S. Representative in Congress taking into account the 45 day advance ballot transmittal requirements of UOCAVA." The Decree further required the parties agree to confer on the progress of this permanent relief.

On May 31, 2013, the Illinois State Board of Elections submitted a status report stating that legislation amending the State's special election statute had been introduced in the Illinois House of Representatives on February 26, 2013, but that the bill was not called for a vote.

As required by the Consent Decree, the United States and Defendants, through their respective counsel, have conferred on the terms of future relief. In doing so, the parties have been guided by the following principles:

1. Defendant State of Illinois is obligated to comply with UOCAVA in conducting special elections for Federal office;

2. The current State Election Code establishes deadlines that, if adhered to, would prevent the State from complying with UOCAVA in the administration of any special election needed to fill a vacancy in the U.S. House of Representatives;

3. Continued jurisdiction by the Court is appropriate to enter a permanent remedy in this case should Illinois fail to enact legislation to ensure ongoing compliance with UOCAVA in future special elections to fill a vacancy in the U.S. House of Representatives.

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that:

1. The Defendants shall take such actions as are necessary to assure that UOCAVA voters shall have a fair and reasonable opportunity to participate in future Federal elections. The Illinois SBOE shall continue recommending legislation and taking any administrative actions needed to fully remedy the potential UOCAVA violations arising from the scheduling of special primary elections and special elections to fill vacancies in the office of U.S. Representative in Congress. In particular, the SBOE will urge changes in the Illinois law governing special election schedules that take into account the 45 day advance ballot transmittal requirements of UOCAVA. The parties agree to confer as needed on the progress of these efforts, and Defendants shall provide a written status report to the United States Department of Justice by June 2, 2014. If curative legislation has not been adopted, then the United States will seek permanent relief from this Court.

2. If there is a vacancy for the office of U.S. Representative in Congress prior to the expiration of this Decree and curative legislation has not been adopted, the United States may move for injunctive relief to remedy the violation of UOCAVA prior to the election. In the case of such a violation, the parties agree that appropriate relief may include, but is not limited to, one or more of the following remedial measures, depending upon the circumstance presented:

    a. An appropriately tailored extension of the deadline for receipt of absentee ballots beyond the fourteen-day extension effectuated by Illinois law, provided that those ballots have been postmarked by election day.

    b. A requirement that the State ensure expedited transmittal of all UOCAVA ballots for a special primary election and special election according to the preference of the voter (by mail, email, or facsimile).

    c. A requirement that the State permit all UOCAVA voters the option of returning their marked ballots by express mail at no expense to the voter, or by electronic means.

    d. Appropriate reporting requirements concerning ballot transmissions for the special election.

3. The Court shall retain jurisdiction over this action through July 31, 2014, within which time the parties may file motions to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree and to enter such relief as may be necessary to abate any UOCAVA violation with respect to future Federal elections.

The undersigned agree to entry of this Consent Decree.

For the Plaintiff:

ZACHARY T. FARDON
United States Attorney
Northern District of Illinois

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

By: /s/ *Patrick W. Johnson*
PATRICK W. JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov

*/s/ Catherine Meza*
T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
SPENCER R. FISHER
CATHERINE MEZA
DAVID G. COOPER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:  (202) 305-0132
Facsimile:  (202) 307-3961

Date: October 29, 2013

For the Defendants:

State Board of Elections

By: _____

Title: Executive Director

Date: 10/29/13

LISA MADIGAN
Attorney General of Illinois

/s/ Thomas A. Ioppolo
THOMAS A. IOPPOLO
Assistant Attorneys General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-7198
Facsimile: (312) 814-4425

SO ORDERED this ____ day of _____, 2013.

_____
United States District Judge